THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CAR-
LOS JUAN ROSARIO CANCEL, Defendant and Appellant.

No. CR-63-90.    Decided March 16, 1964.

*Carlos Juan Rosario Cancel,* pro se. *José A. Bravo Abréu,* coun-
sel designated by the Supreme Court to assist defendant on
appeal. *J. B. Fernández Badillo, Solicitor General,* and *Ro-
dolfo Cruz Contreras, Deputy Solicitor General,* for The
People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of violating § 29 of the Narcotics Act of Puerto Rico—24 L.P.R.A. § 974z. He was accused on three counts. He was acquitted of one and convicted of two. Defendant appealed on his own behalf. We designated an attorney but the latter filed a motion stating that after studying the case he did not find merits in the appeal. The defendant filed a brief in support of his appeal. He assigns four errors. All of them are frivolous.

■ 1. That the facts charged constitute a federal offense and the local courts lack jurisdiction to take cognizance thereof. In *People* v. *Segarra*, CR-63-183, decided November 18, 1963, we qualified as frivolous a similar contention.

■ 2. That since the prosecuting attorney who filed the information stated that the same was based on the testimony of the witnesses examined by another prosecuting attorney, said information does not comply with § 3 of the Code of Criminal Procedure—34 L.P.R.A. § 3—which provides: "Every offense of which the Superior Court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit, which shall be sufficient if it states that the information is based upon the testimony of witnesses, sworn before him, or upon the testimony of witnesses taken before an examining magistrate, and that he solemnly believes that there is just cause for filing the information." In *People* v. *Seda*, 82 P.R.R. 695 (1961), we decided the question against the appellant in expressing that " 'the prosecuting attorney' in said section refers to the generic concept of 'representative of the state.' "

■ 3. That the evidence is insufficient because it appears therefrom that entrapment was committed and furthermore because the witnesses for the prosecution were co-authors

and accomplices and their testimony should have been corroborated. The witnesses to the offense were an internal revenue agent and a person who used narcotic drugs. The latter went with the agent to buy heroin from the defendant. This one sold it in the presence of the agent. In *People* v. *Seda, supra,* we decided both questions against appellant.

■ 4. That he was deprived of presenting a witness to challenge the credibility of the witness for the prosecution who was with the agent. But this witness admitted on cross-examination that he had been previously convicted of felony and the judge instructed the jury that in view thereof it was incumbent upon the jury to determine the credibility of his testimony. Witness himself admitted the fact which it was sought to establish with the witness for the defense. Besides, it appears from the record that said witness was summoned in open court for the continuation of the hearing and at the close of the evidence for the prosecution counsel for the defendant submitted the case without presenting any evidence.

Judgment will be affirmed.